UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

CINEMEX HOLDINGS USA, INC.,

Chapter 11
Case No. 20-14696-LMI

Debtor.
_____/

### GUC CLAIMS TRUST'S AGREED MOTION RESOLVING CLAIM OF DENNIS TREVATHAN [#7-1]

The GUC Claims Trust (the "GUC Trust") through Advisory Trust Group, LLC (the "GUC Trustee"), pursuant to 11 U.S.C. § 105(a) and 502(a), files this *Agreed Motion Resolving Claim of Dennis Trevathan* (the "Agreed Motion") and in support, states as follows:

### BACKGROUND

1. On April 25, 2020 (the "Petition Date"), each of the Debtors, Cinemex USA Real Estate Holdings, Inc., Cinemex Holdings USA, Inc., and CB Theater Experience LLC (the "Debtors") commenced a voluntary case under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court").

2. July 6, 2020 was the deadline for filing proofs of claim against the Debtors (the "Bar Date").

3. Prior to the Petition Date, Dennis Trevathan (the "Claimant") initiated an action against Cinemex USA in the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County under case number 19-008367-CI on December 20, 2019 (the "Litigation"). The Litigation was pending at the time of the Petition Date and, as a result of the filing of the

DOCS_LA:338135.2 14219/003

Chapter 11 Cases by the Debtors, has been stayed due to the automatic stay under 11 U.S.C. § 362.

4. On or about May 13, 2020, Claimant filed proof of claim number 7-1 ("Claim 7-1") against Debtor, Cinemex USA Real Estate Holdings, Inc. asserting a non-priority general unsecured claim in the amount of $30,000.00 and indicated the basis of the claim as "personal injury."

5. On November 25, 2020, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law and Order Confirming Third Amended Joint Chapter 11 Plan of Reorganization of Cinemex USA Real Estate Holdings, Inc., Cinemex Holdings USA, Inc. and CB Theater Experience LLC* [ECF No. 936] (the "Confirmation Order") confirming the *Third Amended Joint Chapter 11 Plan of Reorganization Pursuant to Chapter 11 of Cinemex USA Real Estate Holdings, Inc., Cinemex Holdings USA, Inc. and CB Theater Experience LLC* [ECF No. 779] (the "Plan"). The Plan became effective by its terms on December 18, 2020 (the "Effective Date").

6. Upon the Effective Date, pursuant to the terms of the Plan, the GUC Trust was established and the GUC Trustee was appointed as the GUC Trustee of the GUC Trust. The GUC Trust has the sole authority to resolve general unsecured claims pursuant to the Plan.

## MOTION

7. The GUC Trust asserted an informal objection to Claim 7-1. After discussion, the parties have resolved the GUC Trust's objection in the form of a consensual proposed order attached hereto as **Exhibit A** whereby Claimant agrees to waive any recovery on account of Claim 7-1 from the GUC Trust and to pursue applicable insurance proceeds, if any.

DOCS_LA:338135.2 14219/003

**WHEREFORE**, the GUC Trust requests that the Court enter the proposed Agreed Order attached hereto as Exhibit A: (i) granting the Agreed Motion; (ii) permitting Claimant to continue to liquidate any claim arising from the Litigation or relating to Claim 7-1 outside of the Bankruptcy Court; and (iii) granting such further relief as the Court deems just and proper.

Dated: June 11, 2021

BERGER SINGERMAN LLP
313 N. Monroe Street, Suite 301
Tallahassee, FL 32301
Telephone: (850) 561-3010
Facsimile: (850) 561-3013

By: _/s/ Brian G. Rich_
    Brian G. Rich
    Florida Bar No. 38229
    brich@bergersingerman.com

-and-

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein (admitted pro hac vice)
Bradford J. Sandler (admitted pro hac vice)
Cia H. Mackle (FBN 26471)
780 Third Avenue, 34th Floor
New York, NY 10017-2024
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
      bsandler@pszjlaw.com
      cmackle@pszjlaw.com

*Counsel for the GUC Claims Trust*

DOCS_LA:338135.2 14219/003

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served electronically through the Court CM/ECF system upon all parties registered to receive electronic notice in this case as indicated on the attached Electronic Mail Notice List on this 11th day of June, 2021.

By: /s/ *Brian G. Rich*
Brian G. Rich

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

CINEMEX HOLDINGS USA, INC.,

Chapter 11
Case No. 20-14696-LMI

Debtor.
_____/

**AGREED ORDER GRANTING GUC CLAIMS TRUST'S AGREED MOTION
RESOLVING CLAIM OF DENNIS TREVATHAN [#7-1]**

**THIS CAUSE** came before the Court, without a hearing, upon *GUC Claims Trust's Agreed Motion Resolving Claim of Dennis Trevathan[#7-1]* [ECF No. ___] (the "Motion").[1] The Court having considered the Motion, having been informed that the parties consent to the entry of this Order, and being otherwise fully advised in the premises,

It is ORDERED as follows:

1.      The Motion is **GRANTED**.

---

[1] Terms not defined herein shall have the meaning ascribed to them in the Motion.

DOCS_LA:338136.1 14219/002

2. The injunction imposed by Article VIII of the Plan or the automatic stay imposed by section 362(a) of the Bankruptcy Code, as applicable, is modified for a limited purpose to (i) permit Claimant to continue to liquidate any claim arising from the Litigation or relating to Claim 7-1 outside of the Bankruptcy Court, and (ii) execute, levy, and collect upon any settlement of judgment from the Claim solely from applicable insurance policies, if any, and not against the Debtors, the Reorganized Debtors (as defined in the Plan), the GUC Trust or their successors.

3. Claimant agrees and acknowledges that (i) any recovery arising from the Litigation with respect to the Debtors, the GUC Trust, or their successors is limited to funds made available from applicable insurance policies, if any, and not from the Debtors, the GUC Trust, or their successors, (ii) to the extent that applicable insurance policies, if any, do not satisfy Claim 7-1, for any reason, neither the Debtors, the Reorganized Debtors, the GUC Trust, or any of their successors shall satisfy nor be liable for any such unsatisfied portion, which might otherwise be considered a general unsecured claim in these chapter 11 proceedings, and Claimant shall not seek to collect on any such unsatisfied portion from the Debtors, their estates, the GUC Trust, or any of their successors, and (iii) Claimant agrees to hold the Debtors and the GUC Trust harmless with respect to any claim that may be asserted by any insurance carrier on account of any deductible or self-insured retention that must be satisfied prior to the payment to Claimant of any settlement by setting off any recovery by the amount of any such deductible or self-insured retention.

4. Claimant agrees that Claim 7-1, and any other claims or proofs of claim filed or to be filed by Claimant in connection with the Litigation against the Debtors, their estates, or their successors in these chapter 11 cases, if any, are, by entry of this Agreed Order, deemed

disallowed, and the Debtors' claims and noticing agent, Omni Agent Solutions, and the Clerk of the Court are authorized to take all necessary actions to reflect the disallowance of all claims referenced herein on the official claims register for the above-captioned chapter 11 cases.

5. Nothing in this Agreed Order: (i) alters, modifies, or otherwise amends the terms and conditions of, or the coverage provided by, any insurance policies issued at any time to any of the Debtors, their affiliates or predecessors of any of the foregoing or of any agreements related thereto; (ii) alters or modifies the duty, if any, that any applicable insurer or third party administrator has to pay claims covered by any alleged applicable insurance policy; (iii) creates or permits a direct right of action by Claimant against any insurers; or (iv) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable insurance policy.

6. Neither party is waiving nor will be deemed to have waived any available claims or defenses by entry of this Agreed Order, including at law, equity, or otherwise with respect to the Litigation, except as otherwise provided in this Agreed Order.

7. Neither the entry of this Agreed Order nor any negotiations and writings in connection with this Agreed Order will, in any way, be construed as or deemed to be evidence of or an admission on behalf of any party regarding any claim or right that such party may have against the other party.

8. Each of the Parties hereto represents and warrants that it is duly authorized to enter into and be bound by this Agreed Order.

9. The attorneys for and, as applicable, the other representatives of the Claimant and the GUC Trust, represent and warrant that the Claimant and the GUC Trustee have full knowledge of, and have consented to, the entry of this Agreed Order.

3

10. Neither this Agreed Order, nor any terms contained herein shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval of and enforce this Agreed Order, or (b) to seek damages or injunctive relief in connection with the enforcement of this Agreed Order.

11. The Bankruptcy Court retains exclusive jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Agreed Order.

12. This Agreed Order shall not be modified, altered, amended, or vacated without written consent of the Parties hereto. Any such modification, alteration, amendment or vacation, in whole or in part, shall be subject to the approval of the Bankruptcy Court.

13. This Agreed Order contains the entire agreement by and between the GUC Trust and the Claimant with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Agreed Order.

# # #

Submitted by:
Brian G. Rich, Esq.
Berger Singerman LLP
313 N. Monroe Street, Suite 301
Tallahassee, FL 32301
Telephone: (850) 561-3010
Facsimile: (850) 561-3013
E-mail: brich@bergersingerman.com

*(Brian G. Rich, Esq. is directed to serve this order upon all non-registered users or registered users who have yet to appear electronically in these cases and file a conforming certificate of service.)*

4