UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    Chapter 11

CINEMEX HOLDINGS USA,                                     Case No. 20-14696-LMI
INC.,

                                                          (Formerly Jointly Administered Under
     Reorganized Debtor.                                 Lead Case: Cinemex USA Real Estate
                                                          Holdings, Inc., Case No. 20-14695-
                                                          LMI)

_____/

## OBJECTION TO CLAIM NOS. 26 AND 36 OF USEF HCG FENTON LLC

---

**IMPORTANT NOTICE TO CREDITOR:**
**THIS IS AN OBJECTION TO YOUR CLAIM**

     **This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.**

     **If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service of this objection, explaining why your claim should be allowed as presently filed, and you must serve a copy to the undersigned attorney OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.**

     **If your entire claim is objected to and this is a chapter 11 case, you will not have the right to vote to accept or reject any proposed plan of reorganization until the objection is resolved, unless you request an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes. The written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court, 301 N. Miami Avenue, Suite 150, Miami, Florida 33128.**

---

Cinemex Holdings USA, Inc. ("Reorganized Debtor")[1], through undersigned counsel and pursuant to Section 502(b) of title 11, United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Bankruptcy Rules for the Southern District of Florida (the "Local Bankruptcy Rules"), hereby objects to Claim No. 26 in the amount of $3,835,858.81 filed by USEF HCG Fenton LLC ("Fenton") in Case No. 20-14696 and Claim No. 36 in the amount of $3,835,858.81 filed by Fenton in Case No. 20-14699 and states as follows:

## I.    RELIEF REQUESTED

1.    The Reorganized Debtor requests entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code Section 502(b), Rule 3007 of the Bankruptcy Rules, and Rule 3007-1 of the Local Bankruptcy Rules, (1) reclassifying Claim No. 36 of Fenton in Case No. 20-14699 from priority to general unsecured; (2) disallowing the administrative expense part of Claim No. 36 of Fenton in Case No. 20-14699; (3) disallowing and expunging Claim No. 26 of Fenton in Case No. 20-14696, for which the Reorganized Debtor is not liable under the Order Confirming Third Amended Chapter 11 Plan (Case No. 20-14695, ECF No. 936) (the "Guaranty Claim"); or, in the alternative, (4) disallowing the Guaranty Claim as duplicative and reducing Claim No. 36 in Case No. 20-14699.

## II.    JURISDICTION AND VENUE

2.    The United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334 as well as the retention of jurisdiction provisions found in (i) the Court's order confirming the Debtors' plan of reorganization (Case No. 20-14695, ECF No. 936) (the "Confirmation

---

[1]    Case formerly jointly administered under lead case Cinemex USA Real Estate Holdings, Inc., Case No. 20-14695.

Order") and (ii) the confirmed plan of reorganization (Case No. 20-14695, ECF No. 779) (the "Plan"). This matter is a core proceeding within the meaning of 28 U.S.C. Section 157(b)(2).

3.      Venue is proper pursuant to 28 U.S.C. Sections 1408 and 1409.

4.      The bases for the relief requested in this Objection are Sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Bankruptcy Rule 3007-1.

### III.      FACTUAL HISTORY

#### A.      The Bankruptcy

5.      On April 25, 2020, Cinemex Holdings USA, Inc. and Cinemex USA Real Estate Holdings, Inc. filed for bankruptcy under chapter 11 of title 11 of the Bankruptcy Code in this Court. On April 26, 2020, CB Theater Experience LLC also filed for bankruptcy under chapter 11 in this Court (together with April 25, 2020, the "Petition Dates").

6.      The bankruptcy cases were jointly administered under the lead case Cinemex USA Real Estate Holdings, Inc., Case No. 20-14695-LMI.

7.      The deadline to file proofs of claim was set as July 6, 2020.

8.      The Debtors were authorized to continue to operate their businesses and manage their properties as debtors-in-possession. No examiner or trustee was appointed in the Chapter 11 Cases.

9.      Cinemex is in the movie theater business and is based in Miami, Florida. At the time of the bankruptcy filing, Cinemex operated 41 movie theaters in dozens of cities in 12 states, including Florida. The theaters operate under the brand name "CMX Cinemas."

10.     On August 19, 2020, the Debtors filed Motion to Reject Additional Unexpired Lease as of August 19, 2020 (Case No. 20-1495, ECF No. 490), in which they sought entry of an order approving the rejection of the lease entered into between Debtor CB Theater as tenant and

USEF HCG Fenton, LLC as lessor (the "Fenton Lease"), and where Debtor Cinemex USA Holdings executed a guaranty of the Fenton Lease.

11.    On September 14, 2020, the Court issued an order fixing a bar date for filing applications to allow administrative expense claims as September 25, 2020.  *See* Case No. 20-14695, ECF No. 540.

12.    On October 21, 2020, the Court entered an order approving the Debtors' rejection of the Fenton Lease effective as of August 19, 2020.  *See* Case No. 20-14695, ECF No. 751.

13.    On November 18, 2020, Fenton filed a Limited Objection to the Amended Joint Prearranged Chapter 11 Plan of Reorganization. *See* Case No. 20-14695, ECF No. 881.

14.    On November 25, 2020, the Court entered the Confirmation Order  (Case No. 20-14695, ECF No. 936).

15.    Pursuant to the Confirmation Order (at Paragraph 132), the Reorganized Debtors[2] have the sole authority to bring objections to priority claims.  The Reorganized Debtors have 180 days from the Effective Date (as defined in the Plan), which occurred on December 18, 2020, to bring objections to priority claims.  *See* Case No. 20-14695, ECF No. 936 at ¶ 132.

16.    Further pursuant to the Confirmation Order (at Paragraph 111), the bar date for filing applications to allow administrative expense claims was set as thirty days following the Effective Date.  *See* Case No. 20-14695, ECF No. 936 at ¶ 111.

17.    On December 18, 2020, the Reorganized Debtors filed Notice of Effective Date and setting the administrative expense claim bar date pursuant to the Confirmation Order as January 18, 2021 (Case No. 20-14695, ECF No. 973).

---

[2]    "Reorganized Debtors" is defined in the Plan as "the Debtors, as reorganized pursuant to and under the Plan or any successor thereto, by merger, consolidation, or otherwise, on or after the Effective Date."

18.     On April 22, 2021, the Court entered the Final Decrees in the bankruptcy cases of (i) CB Theater Experience LLC, Case No. 20-14699 (ECF No. 29) and (ii) Cinemex USA Real Estate Holdings, Inc., Case No. 20-14695 (ECF No. 1065) (collectively, the "Closed Cases") and closed the Closed Cases.

19.     On April 27, 2021, the Court ordered that all outstanding matters should henceforth be docketed in the remaining open bankruptcy case, Cinemex Holdings USA, Inc., Case No. 20-14696. *See* Case No. 20-14695, ECF No. 1071.

20.     On June 1, 2021, the Court entered an Order Extending  Claims Objection Deadline for another one hundred eighty days through and including the later of: (a) December 13, 2021, or (b) one hundred eighty days following the date that a proof of Claim is filed or amended. *See* ECF No. 165.

**B.**     **The Asserted Priority Claim**

21.     On July 3, 2020, Fenton filed Claim No. 36 in Case No. 20-14699 alleging an unliquidated general unsecured claim against Debtor CB Theater Experience LLC.

22.     The basis of the claim was stated as: "Unpaid rent and related charges due pursuant to lease for premises located in Cary, North Carolina."

23.     On October 21, 2020, the Court entered an order approving the Debtors' rejection of the Fenton Lease effective as of August 19, 2020.  *See* Case No. 20-14695, ECF No. 751.

24.     Pursuant to the Confirmation Order (at Paragraph 144), the Debtors are deemed not to assume unexpired leases that were previously rejected.

25.     On November 19, 2019, the Debtors filed the Assumed Executory Contract and Unexpired Lease List (the "Assumption List") as Exhibit B to the Plan Supplement for the Plan (Case No. 20-14695, ECF No. 885).  The Assumption List does not include the Fenton Lease.

26.     On November 20, 2020, Fenton amended Claim No. 36 in Case No. 20-14699, alleging a $3,835,858.81 claim against Debtor CB Theater Experience LLC, of which it alleged $106,262.00 as priority claim ("Asserted Priority Claim").

27.     The asserted basis for priority are Bankruptcy Code sections 507(a)(2)/503(b)(1), "Other."  Contrary to the instructions on the Official Form 410, Proof of Claim, Fenton did not specify a subsection of Bankruptcy Code section 503(b)(1) under which it was asserting administrative expense priority for its claim.

28.     The basis of the claim is stated as "Unpaid rent and related charges and rejection damages due pursuant to lease for premises located in Cary, North Carolina."

29.     The chart and spreadsheet attached to the Amended Proof of Claim No. 36 allege $106,262.00 in administrative expense consisting of post-petition expenses related to CineBistro, which are detailed as fees by various service providers, including $18,000.00 in legal fees.

30.     Fenton did not file a request for payment of an administrative expense as required by Bankruptcy Code section 503 and as directed by the Official Form 410, Proof of Claim. Moreover, Fenton did not file a request for payment of an administrative expense either by the interim or the final administrative expense claim bar date ordered by the Court and noticed during bankruptcy proceedings.

**C.    The Guaranty Claim**

31.     On July 3, 2020, Fenton filed Claim No. 26 in Case No. 20-14696, alleging an unliquidated general unsecured claim against Debtor Cinemex Holdings USA, Inc.

32.     The basis of the claim was stated as "Guarantee of payment for unpaid rent and related charges due under lease for premises located in Cary, North Carolina (Guaranty dated 7/31/2019)."

33.    On October 21, 2020, the Court entered an order approving the Debtors' rejection of the Fenton Lease effective as of August 19, 2020.  *See* Case No. 20-14695, ECF No. 751.

34.    Pursuant to the Confirmation Order (at Paragraph 144), the Debtors are deemed not to assume unexpired leases that were previously rejected.

35.    On November 19, 2019, the Debtors filed the Assumption List as Exhibit B to the Plan Supplement for the Plan (Case No. 20-14695, ECF No. 885).  The Assumption List does not include the Fenton Lease.

36.    On November 20, 2020, Fenton amended Claim No. 26 in Case No. 20-14696, alleging a $3,835,858.81 claim against Debtor Cinemex Holdings USA, Inc., of which it alleged $106,262.00 as priority claim.

37.    The asserted basis for priority are Bankruptcy Code sections 507(a)(2)/503(b)(1), "Other."  Contrary to the instructions on the Official Form 410, Proof of Claim, Fenton did not specify a subsection of Bankruptcy Code section 503(b)(1) under which it was asserting administrative expense priority for its claim.

38.    The basis of the claim is stated as "Guarantee of payment for unpaid rent and related charges and rejection damages due under lease for premises located in Cary, North Carolina (Guaranty dated 7/31/2019)."

39.    The chart and spreadsheet attached to the Amended Proof of Claim No. 26 allege $106,262.00 in administrative expense consisting of post-petition expenses related to CineBistro, which are detailed as fees by various service providers, including $18,000.00 in legal fees.

40.    Fenton did not file a request for payment of an administrative expense as required by Bankruptcy Code section 503 and as directed by the Official Form 410, Proof of Claim. Moreover, Fenton did not file a request for payment of an administrative expense either by the

interim or the final administrative expense claim bar date ordered by the Court and noticed during bankruptcy proceedings.

## IV.    OBJECTION

41.     By this Objection, the Reorganized Debtor seeks to (1) reclassify Claim No. 36 of Fenton in Case No. 20-14699 from priority to general unsecured; (2) disallow the administrative expense part of Claim No. 36 of Fenton in Case No. 20-14699; (3) disallow and expunge the Guaranty Claim as violating administrative consolidation provisions of the Confirmation Order; or, in the alternative, (4) disallow the Guaranty Claim as duplicative and reducing Claim No. 36 in Case No. 20-14699. Specifically, Claim No. 36 in Case No. 20-14699 should be reclassified to general unsecured and the administrative expense part of the Claim should be disallowed because Fenton did not file a request for payment of administrative expense as required by Bankruptcy Code section 503 and Court orders, including the Confirmation Order.   The Guaranty Claim should be disallowed pursuant to the Confirmation Order that provided for administrative consolidation, and because the Guaranty Claim is entirely duplicative of Claim No. 36.

42.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under Section 501 of this title, is deemed allowed, unless a party in interest… objects."  11 U.S.C. § 502(a).  As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim under Section 502(a) of the Bankruptcy Code.  However, a claimant's proof of claim is entitled to the presumption of *prima facie* validity only until the debtor effectively rebuts the presumption of validity.  *In re Santiago*, 404 B.R. 564, 570 (Bankr. S.D. Fla. 2009).  The burden of proof then shifts to the creditor.  *Id.*

A.    <u>**Asserted Priority Claim should be disallowed**</u>

43.    A party asserting that its claim has priority status has the burden of proving that the claim falls within one of the statutory priorities.  *In re Bradford*, 534 B.R. 839, 842 (Bankr. M.D. Ga. 2015); *In re Shelbayah*, 165 B.R. 332, 337 (Bankr. N.D. Ga. 1994); *In re W. Wayne Transp., Inc.*, 2001 WL 1699665, at *3 (Bankr. M.D.N.C. Oct. 5, 2001).

44.    The Asserted Priority Claim seeks priority treatment of claims for "other" administrative expenses, with the proof of claim checking a box for priority status under Bankruptcy Code sections 507(a)(2)/503(b)(1), "Other."   Contrary to the instructions on the Official Form 410, Proof of Claim, Fenton did not specify a subsection of Bankruptcy Code section 503(b)(1) under which it was asserting administrative expense priority for its claim.

45.    Fenton did not file a request for payment of an administrative expense as required by Bankruptcy Code section 503 and as directed by the Official Form 410, Proof of Claim.

46.    Official Form 410 states at the very top, "Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503." Yet despite this instruction, Fenton purports to seek post-petition expenses and administrative priority for a rejected lease where such request was never filed.  For purposes of this Objection, any request for administrative expense via a proof of claim form should be stricken as procedurally improper.  A proof of claim is self-limited to pre-petition claims.  *In re Wetdog, LLC*, No. 13-40601-EJC, 2015 WL 4887418, at *14 (Bankr. S.D. Ga. Aug. 14, 2015); *In re Taco Bueno Restaurants, Inc.*, 606 B.R. 289, 299–300 (Bankr. N.D. Tex. 2019), *citing NL Industries, Inc. v. GHR Energy Corp.*, 940 F.2d 957, 966 (5th Cir. 1991) and *In re Jack Kline Co.*, 440 B.R. 712, 734–735 (Bankr. S.D. Tex. 2010).

47.    Moreover, Fenton did not file a request for payment of an administrative expense by the interim administrative expense claim bar date, September 25, 2020, as noticed during bankruptcy proceedings.  *See* Case No. 20-14695, ECF No. 540.

48.    The Court order fixing a September 25, 2020 bar date for filing applications to allow administrative expense claims (Case No. 20-14695, ECF No. 540 at 3) contains the following admonishment:

> it is further ORDERED that any holder of a potential Administrative Claim that fails to file a request for allowance by the Administrative Claims Bar Date: (i) will be forever barred and estopped from asserting its Administrative Claim(s) against the Debtors and/or their estates; and (ii) will not be permitted to receive payment from the Debtors' estates or distribution under any plan of reorganization on account of such claim(s);

49.    The Notice of Deadline for Filing Proofs of Claim Asserting Administrative Expense Claims contains an exemption from the requirement to file administrative expense payment requests for post-petition rent owed under unexpired leases.  *See* Case No. 20-14695, ECF No. 543 at 23. However, this exemption is inapplicable to Fenton, because Fenton's administrative expenses are specified not as rent but as expenses consisting of various service provider fees, including legal fees.  The Notice provides (Case No. 20-14695, ECF No. 543 at 23):

> The following holders need not file a request for allowance of their asserted administrative claims by September 15, 2020: (i) counterparties to unexpired leases of nonresidential real property and whose claim is for rent owed under those leases that first arose after the Petition Dates; and (ii) any persons who are professional advisors (i.e., attorneys, financial advisors, accountants, claims agents) retained by the Debtors or the Official Committee of Unsecured Creditors under sections 327, 328, 363, or 1103 of the Bankruptcy Code and whose claim is for services rendered and/or reimbursement of expenses incurred in these chapter 11 cases.

50.    In spite of being on notice, Fenton did not meet the interim bar date for filing applications to allow administrative expense claims and its administrative expense claim should be disallowed.

51.    Furthermore, Fenton did not file a request for payment of an administrative expense by the final administrative expense claim bar date of January 18, 2021 provided for by the Plan and the Confirmation Order and separately noticed during bankruptcy proceedings.

52.    The Confirmation Order specifies at paragraph 111 (Case No. 20-14695, ECF No. 936 at 48–49):

> Holders of General Administrative Claims that are required to, but do not, File and serve a request for payment of such General Administrative Claims against the Debtors by the Administrative Claims Bar Date shall be forever barred, estopped, and enjoined from asserting such General Administrative Claims against the Debtors, the Reorganized Debtors, or their respective property, and such General Administrative Claims will be deemed forever discharged and released as of the Effective Date.

53.    "General Administrative Claim" is defined in the Plan as any administrative claim, other than a Professional Fee Claim. *See* Case No. 20-14695, ECF No. 936 at ¶ 67.

54.    The Notice of (I) Effective Date of Debtor's Third Amended Joint Chapter 11 Plan of Reorganization and (II) Bar Dates for Certain Claims contains the following warning (Case No. 20-14695, ECF No. 973 at 2):

> THE FAILURE TO TIMELY FILE SUCH A GENERAL ADMINISTRATIVE CLAIM ACCRUING BETWEEN THE PETITION DATE AND THE EFFECTIVE DATE AS REQUIRED SHALL BAR THE GENERAL ADMINISTRATIVE CLAIM FROM BEING PAID. Nothing in the Plan, Confirmation Order, or this notice extends or modifies any previously applicable Bar Date.

55.    By not filing a request for payment of administrative expenses by the January 18, 2021 deadline, in spite of ample notice in the Plan, the Confirmation Order, and the Notice of Effective Date, Fenton caused its administrative expense claim to be discharged.

56.     Accordingly, the Reorganized Debtor submits that the Asserted Priority Claim should be reclassified as general unsecured claim as it does not meet the Bankruptcy Code section 503 requirement of filing a request for payment of an administrative expense and as additionally specified in the Confirmation Order and the Plan, and that the asserted administrative expense claim should be disallowed.

**B.     <u>The Guaranty Claim should be disallowed</u>**

57.     The stated basis of Fenton's Claim No. 26 in Case No. 20-14696 in the amount of $3,835,858.81 asserted against Debtor Cinemex Holdings USA, Inc., of which $106,262.00 was alleged as priority claim, is "Guarantee of payment for unpaid rent and related charges and rejection damages due under lease for premises located in Cary, North Carolina (Guaranty dated 7/31/2019)."

58.     The Confirmation Order implements administrative consolidation and disallows enforcement of guaranties among the Debtors for the purposes of creditors' claims. *See* Article IV.C, Administrative Consolidation for Distribution Purposes Only:

> On the Effective Date, and solely for administrative purposes to facilitate distributions: (1) all GUC Claims against each of the Debtors shall be deemed merged or treated as liabilities of the GUC Claims Trust to the extent Allowed; (2) all GUC Claim guaranties by a Debtor of the obligations of any other Debtor shall be deemed eliminated and extinguished so that any GUC Claim against any Debtor and any guarantee thereof executed by any Debtor and any joint or several GUC Claim against any of the Debtors shall be deemed to be one obligation of the GUC Claims Trust; (3) each and every GUC Claim filed in any of the Chapter 11 Cases shall be treated as filed against the consolidated Debtors and shall be treated as one GUC Claim against and obligation of the GUC Claims Trust.

59.     The carve out for setoff or recoupment preserved for Fenton under the Confirmation Order at Paragraph 159 (Case No. 20-14695, ECF No. 936) is not applicable to Fenton's guaranty claim. The carve out only applies to:

the rights, if any, of any holder of Claims or any current or former party to an Executory Contract or Unexpired Lease, to assert any right of setoff or recoupment that such party may have under applicable bankruptcy or non-bankruptcy law, including, but not limited to, (i) the ability, if any, of such parties to setoff or recoup a security deposit held pursuant to the terms of their unexpired lease(s) with the Debtors, or any successors to the Debtors, under the Plan; (ii) assertion of rights of setoff or recoupment, if any, in connection with Claims reconciliation; or (iii) assertion of setoff or recoupment as a defense, if any, to any claim or action by the Debtors or any successors of the Debtors.

60.     By this Objection, the Reorganized Debtor seeks to disallow and expunge the Guaranty Claim as prohibited by the Confirmation Order.

61.     In any event, the Guaranty Claim should be disallowed as it is duplicative of Claim No. 36.  Both Claims seek damages for alleged breach of the Fenton Lease covering the same period of time.  Moreover, they both seek identical damages for post-petition attorneys' fees and other expenses allegedly owed in connection with the Reorganized Debtor's rejection of the Fenton Lease.  The only difference between the Claims is that Claim No. 36 is filed against the tenant, CB Theater Experience LLC, while the Guaranty Claim is filed against Cinemex Holdings USA, Inc., as the guarantor. However, the Claims are for the same alleged underlying breach, and one claim does not allege different conduct by one of the Debtors as opposed to another one in connection therewith.

62.     The failure to disallow the Guaranty Claim as duplicative would result in a windfall against the Reorganized Debtor's estate, to the detriment of other similarly situated creditors.  Moreover, elimination of the Guaranty Claim will enable the Reorganized Debtor and the GUC Claims Trust to maintain a more accurate claims register.  As such, the Court should disallow the Guaranty Claim as duplicative.

## V.     RESERVATION OF RIGHTS

63.     This Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of the Reorganized Debtor or any other party in interest to object to any claim on any grounds whatsoever, and the Reorganized Debtor expressly reserves all further substantive or procedural objections they may have.  The Reorganized Debtor expressly reserves the right to further amend, modify, or supplement this Objection and to file additional substantive or non-substantive objections to the Asserted Priority Claim and Guaranty Claim. Should one or more grounds of objection set forth in this Objection be overruled, the Reorganized Debtor reserves the right to object to the Asserted Priority Claim and the Guaranty Claim on any other applicable ground.  The Reorganized Debtor also expressly reserves the right to raise further objections, including objections under Section 502(d) of the Bankruptcy Code.

64.     Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as (a) an admission as to the validity of any prepetition claim against a Reorganized Debtor entity; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to Section 365 of the Bankruptcy Code; or (f) a waiver of the Reorganized Debtors' rights under the Bankruptcy Code or any other applicable law.

## VI.     NOTICE

65.     The Reorganized Debtor will provide notice of this Objection to: (a) the Office of the United States Trustee for the Southern District of Florida; (b) the entities filing the Asserted

Priority Claims and their counsel, if any; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**VII.    <u>CONCLUSION</u>**

WHEREFORE, the Reorganized Debtor respectfully requests entry of an Order substantially in the form attached hereto as **<u>Exhibit A</u>**, (a) granting the instant Motion; (b) reclassifying from priority to general unsecured Claim No. 36 of Fenton filed in Case No. 20-14699; (c) disallowing the administrative expense claim part of Claim No. 36 of Fenton filed in Case No. 20-14699; (d) disallowing and expunging Claim No. 26 of Fenton in Case No. 20-14696; or, in the alternative, (e) disallowing the Guaranty Claim as duplicative and reducing Claim No. 36 in Case No. 20-14699; and (f) granting any and further relief as the Court deems just and proper.

Respectfully submitted this 23rd day of June, 2021.

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

Patricia B. Tomasco (admitted *pro hac vice*)
Joanna Diane Caytas (admitted *pro hac vice*)
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: 713-221-7000
Facsimile: 713-221-7100
Email: pattytomasco@quinnemanuel.com
 Email: joannacaytas@quinnemanuel.com

By:  /s/  *Patricia B. Tomasco*
    Patricia B. Tomasco (admitted *pro hac
    vice*)

-and-

Eric Winston (admitted *pro hac vice*)
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213-443-3000
Facsimile: 213-443-3100
Email: ericwinston@quinnemanuel.com

-and-

Juan P. Morillo (FBN 135933)
1300 I Street, NW, Suite 900
Washington, D.C.  20005
Telephone: 202-538-8000
Facsimile: 202-538-8100
Email: juanmorillo@quinnemanuel.com

-and-

BAST AMRON LLP

Jeffrey P. Bast (FBN 996343)
Brett M. Amron (FBN 148342)
Jaime B. Leggett (FBN 1016485)
One Southeast Third Avenue, Suite 1400
Sun Trust International Center
Miami, Florida 33131
Telephone: 305-379-7904
Facsimile: 305-379-7905
Email: jbast@bastamron.com
Email: bamron@bastamron.com
Email: jleggett@bastamron.com

COUNSEL FOR CINEMEX HOLDINGS
USA, INC.

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

CINEMEX HOLDINGS USA,
INC.,

      Reorganized Debtor.

_____/

Chapter 11

Case No. 20-14696-LMI

(Formerly Jointly Administered Under
Lead Case: Cinemex USA Real Estate
Holdings, Inc., Case No. 20-14695-
LMI)

**ORDER SUSTAINING REORGANIZED DEBTOR'S OBJECTION TO CLAIM
NOS. 26 AND 36 OF USEF HCG FENTON LLC**

      This matter having been considered without hearing upon the objection (ECF No. ____) (the

"Objection") of the Reorganized Debtor to Claim No. 26 of USEF HCG Fenton LLC filed in Case

No. 20-14696 and Claim No. 36 of USEF HCG Fenton LLC filed in Case No. 20-14699, and the

objector by submitting this form of order having represented that the Objection was served on the

parties listed below, that the 30-day response time provided by Local Rule 3007-1(D) has expired,

that no one listed below has filed, or served on the objector, a response to the Objection, and that

the relief to be granted in this Order is the identical relief requested in the Objection, and this Court having considered the bases for the Objection to the Claim, it is

ORDERED that the Reorganized Debtor's Objection to the following claim is sustained as set forth herein:

1.      Claim No. 26 of USEF HCG Fenton LLC filed in Case No. 20-14696 is disallowed in its entirety for the reasons set forth in the Objection;

2.      The administrative expense part of Claim No. 36 of USEF HCG Fenton LLC filed in Case No. 20-14699 is disallowed for the reasons set forth in the Objection;

3.      The remaining part of Claim No. 36 of USEF HCG Fenton LLC filed in Case No. 20-14699 is reclassified from a priority to general unsecured claim for the reasons set forth in the Objection; and

4.      The Clerk of the Court and the Reorganized Debtor's claims agent are authorized and directed to update the claims register maintained in this chapter 11 case to reflect the relief granted in this Order.

# # #

Submitted By:
Jeffrey P. Bast
Bast Amron LLP
One Southwest Third Avenue
Suite 1400
Miami, Florida 33131
Telephone: 305-379-7904
Email: jbast@bastamron.com

-and-

Patricia B. Tomasco
Quinn Emanuel Urquhart & Sullivan, LLP
711 Louisiana, Suite 500
Houston, Texas 77002
Telephone: 713-221-7100
Email: pattytomasco@quinnemanuel.com

<u>Copies to:</u>

*Attorney Patty Tomasco, who shall serve a copy of this order on all interested parties and file a certificate of service reflecting same.*