IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                                                                                                      Chapter 11

**CINEMEX HOLDINGS USA, INC.,**                             Case No. 20-14696-LMI

                  Debtor.
_____/

**DELL MARKETING, L.P. RESPONSE TO GUC CLAIMS TRUST'S
FOURTH OMNIBUS OBJECTION TO CLAIMS (ASSUMED/CURED CLAIMS)**

Dell Marketing, L.P. ("DMLP"), a creditor in the above-referenced proceeding, files its Response ("Response") to the *Fourth Omnibus Objection to Claims (Assumed/Cured Claims)* [ECF No. 182] (the "Omnibus Objection") filed by the GUC Claims Trust, and states as follows:

### I. BACKGROUND

1. On April 25, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On or about June 24, 2020, DMLP timely filed its proof of claim (the "POC") against Debtor in the amount of $163,388.20 (the "Claim") based on pre-petition non-payment for goods and services provided to Debtor, as further reflected in the POC.

3. On June 28, 2021, the GUC Claims Trust filed the Omnibus Objection asserting that the POC should be disallowed on the basis that the Claim was assumed under the terms of the confirmed plan.

4. Pursuant to Debtors' *Third Amended Joint Chapter 11 Plan of Reorganization of Cinemex USA Real Estate Holdings, Inc., Cinemex Holdings USA, Inc. and CB Theater Experience LLC* (the "Third Amended Plan"), "[e]ntry of the Confirmation Order by the Bankruptcy Court shall constitute a court order approving the assumptions, assumptions and assignments, . . . as set forth in the Plan . . . . the Debtors or the Reorganized Debtors, as applicable, reserve the right to

1

{06005/0919/00270162.1}

alter, amend, modify, or supplement the Rejected Executory Contract and Unexpired Lease List and the Assumed Executory Contract and Unexpired Lease List at any time through and including the Effective Date." [Case No. 20-14695, ECF No. 772, p. 39]. The Third Amended Plan was confirmed on November 25, 2020. [Case No. 20-14695, ECF No. 936].

5. On November 19, 2020, Debtors filed its Notice of Filing of Plan Supplement Related to the Third Amended Plan (the "Plan Supplement"). [Case No. 20-14695, ECF No. 885]. Pursuant to the Plan Supplement, Debtors listed DMLP on the assumption list with a cure amount of $90,955.00. [Case No. 20-14695, ECF No. 885].

6. On December 18, 2020, Debtors filed its *Notice of (I) Effective Date of Debtors' Third Amended Joint Chapter 11 Plan of Reorganization and (II) Bar Dates for Certain Claims* wherein Debtors notified the Court and all parties that the Effective Date was December 18, 2020. [ECF No. 973].

7. On or about June 30, 2021, counsel for DMLP reached out to Debtor's counsel requesting proof of payment of its cure claim. Proof of payment was not provided.

8. Debtors have failed to pay DMLP's cure claim as set forth in the Plan Supplement and as required under the confirmed plan. Therefore, the Claim should not be disallowed and the Debtors should be ordered to pay the cure claim of $90,955.00. Once the cure claim is paid in full, DMLP does not object to modifying its Claim.

## II. ARGUMENTS AND AUTHORITIES

9. According to the confirmed plan, "[a]ny monetary defaults under each Assumed Executory Contract or Unexpired Lease shall be satisfied . . . by payment of the default amount in Cash on the Effective Date, or as soon as reasonably practicable thereafter . . . ." [Case No. 20-14695, Doc. No. 936]. The POC, which is incorporated as if fully set forth herein (including all attachments thereto), presents a valid, legally recognizable claim supported by corroborating

2

{06005/0919/00270162.1}

documentation, and the POC correctly reflects amounts due and owing by the Debtor to DMLP. Further, the Plan Supplement lists DMLP's cure claim amount as $90,955.00. However, almost seven (7) months after the Effective Date, DMLP still has not received a payment for its cure claim. For these reasons, the Omnibus Objection should be denied, and DMLP should be paid its cure claim of $90,955.00.

10. Once a creditor files a proper proof of claim, the burden then shifts to the debtor to produce evidence to rebut the *prima facie* validity of such claim. *See Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000); *see also* 9 COLLIER ON BANKR. ¶ 3001.9[1] (15th ed. 2003). In meeting its burden of production, the debtor must produce evidence rebutting the filed proof of claim of "probative force equal to the contents of the claim." 9 COLLIER ON BANKR. ¶ 3001.9[1]; *see also In re Brown,* 221 B.R. 46, 47 (Bankr. S.D. Ga. 1998) (holding that under Rule 3001(f) the debtor "bear[s] the initial burden of demonstrating 'by probative force equal to that of the allegations of the proofs of claim themselves' . . . that the claims should not be allowed.").

11. In order to refute such *prime facie* validity, the party opposing a claim must present evidence sufficient to "negate one or more of the sworn facts in the proof of claim." *In re Allegheny Int'l., Inc.,* 954 F.2d 167, 173 (3d Cir. 1992). After an objection is raised, the objecting party bears the burden of providing evidence sufficient to negate the prima facie validity of the filed claim, and must show facts tending to defeat the claim by probative force equal to that of the allegations the proofs of claim themselves. *In re Varona*, 338 B.R. 705, 712 (Bankr. E.D. Va. 2008); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *In re AgFeed USA, LLC*, 13-11761 (BLS), 2016 WL 1753937, at *3 (Bankr. D. Del. Mar. 11, 2015). "Objections without substance are inadequate to disallow claims, even if those claims lack the documentation required

3

{06005/0919/00270162.1}

by Rule 3001(c)." *Campbell v. Verizon Wireless S-CA (In re Campbell)*, 336 B.R. 430, 436 (B.A.P. 9th Cir. 2005) (overruling claim objections). Only after the objecting party has presented sufficient evidence to overcome this prima facie validity does the burden shift to a claimant. *Varona*, 388 B.R. at 712; *In re Terry*, 262 B.R. 657, 662 (Bankr. E.D. Va. 2001); *see also In re Lanza*, 51 B.R. 125, 127 (Bankr. D.N.J. 1985) (finding that "the onus is on the debtor to overcome the presumption of validity").

### III. PRAYER

For the foregoing reasons, DMLP respectfully requests that this Court enter an Order (i) directing Debtor to pay DMLP's cure claim of $90,955.00; and (ii) granting DMLP such other and further relief as the Court deems just and proper.

Dated: July 19, 2021

Respectfully submitted,

By: /s/David A. Ray
David A. Ray
David A. Ray, P.A.
303 Southwest 6th Street
Fort Lauderdale, Florida 33315
Telephone: 954-399-0105
dray@draypa.com

and

**STREUSAND, LANDON, OZBURN & LEMMON, LLP**
Sabrina L. Streusand (TX State Bar No. 11701700)
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
Telephone: (512) 236-9901
Facsimile: (512) 236-9904
streusand@slollp.com

**ATTORNEYS FOR DELL MARKETING, L.P.**