UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| CINEMEX HOLDINGS USA, INC. | Case No. 20-14696-LMI |
| Reorganized Debtor. | (Formerly Jointly Administered Under Lead Case: Cinemex USA Real Estate Holdings, Inc., Case No. 20-14695-LMI) |
| _____/ | |

**OBJECTION TO CLAIM NO. 80 OF VCC, LLC**
*(Objection to Claim Classification)*

> **IMPORTANT NOTICE TO CREDITOR:**
> **THIS IS AN OBJECTION TO YOUR CLAIM**
>
> **This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.**
> **If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service of this objection, explaining why your claim should be allowed as presently filed, and you must serve a copy to the undersigned attorney OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.**
> **If your entire claim is objected to and this is a chapter 11 case, you will not have the right to vote to accept or reject any proposed plan of reorganization until the objection is resolved, unless you request an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes.**
> **The written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court, 301 N. Miami Avenue, Suite 150, Miami, Florida 33128.**

Cinemex Holdings USA, Inc. (the "Reorganized Debtor" or "Cinemex Holdings," and, together with CB Theater Experience LLC ("CB Theater") and Cinemex USA Real Estate Holdings, Inc. ("Cinemex USA"), the "Reorganized Debtors" or "Debtors," as applicable),

through undersigned counsel and pursuant to section 502(b) of title 11, United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Bankruptcy Rules for the Southern District of Florida (the "Local Bankruptcy Rules"), hereby objects to Claim No. 80 filed by VCC, LLC in Case No. 20-14695 in the amount of $4,956,411.79 and seeks to reclassify it from a secured to a general unsecured claim and to disallow it in its entirety, for the reasons set forth in the table below and discussed in further detail in the Objection:

| Claim No. | Name of Property | Amount of Claim | Basis of Claim | Basis for Objection | Recommended Disposition |
|---|---|---|---|---|---|
| 80-2 | Addison Property (see Claim 80-1) | $4,559,091.63 | Contract work (see Claim 80-1) | No collateral (rejected lease); already resolved pursuant to GUC Trust's agreed motion with Addison Lessor (defined below), whose Claim No. 39-1 in Case No. 20-14699 included VCC, LLC's claim. *See* Claim No. 39-1 in Case No. 20-14699 at Part 2, at 4 (including VCC, LLC's asserted claim within Addison Lessor's claim); ECF Nos. 207 and 211. | Reclassify from secured to general unsecured; disallow as duplicative of Claim No. 39-1 in Case No. 20-14699 submitted by Addison Lessor, which was resolved pursuant to the Agreed Order Resolving Claim No. 39-1 (ECF No. 207). *See* ECF No. 211. |
| 80-2 | Wrigleyville Property (Addison Property) | $75,281.00 | Additional contract work | No collateral (rejected lease); already resolved pursuant to GUC Trust's agreed motion with Addison Lessor, whose Claim No. 39-1 in Case No. 20-14699 included VCC, LLC's claim. *See* Claim No. 39-1 in Case No. 20-14699 at Part 2, at 4 (including VCC, LLC's asserted claim within | Reclassify from secured to general unsecured; disallow as duplicative of Claim No. 39-1 in Case No. 20-14699 submitted by Addison Lessor, which was resolved pursuant to the *Agreed Order* |

| Claim No. | Name of Property | Amount of Claim | Basis of Claim | Basis for Objection | Recommended Disposition |
|---|---|---|---|---|---|
| | | | | Addison Lessor's claim); ECF Nos. 207 and 211. | *Resolving Claim No. 39-1 (ECF No. 207). See* ECF No. 211. |
| 80-2 | Halcyon Property | $272,302.16 | Matching Pro invoices | Lack of substantiation; satisfaction (lease assumed with cure amount paid); satisfaction (assumed and cured underlying executory contract with Matching Pro). | Reclassify from secured to general unsecured; disallow as satisfied. |
| 80-2 | Brickell Property | $49,737.00 | Contract work | Satisfaction (lease assumed with cure amount paid). | Reclassify from secured to general unsecured; disallow as satisfied. |

## I.     RELIEF REQUESTED

1.     The Reorganized Debtor requests entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code section 502(b), Rule 3007 of the Bankruptcy Rules, and Rule 3007-1 of the Local Bankruptcy Rules, reclassifying from secured to general unsecured Claim No. 80 of VCC, LLC (the "Asserted Secured Claim"), without prejudice to any other objections to claim that could be brought against the Asserted Secured Claim.

## II.     JURISDICTION AND VENUE

2.     The United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334 as well as the retention of jurisdiction provisions found in (i) the Court's order confirming the Debtors' plan of reorganization (Case No. 20-14695, ECF No. 936) (the "Confirmation Order") and (ii) the confirmed plan of reorganization (Case No. 20-14695, ECF No. 779) (the "Plan"). This matter is a core proceeding within the meaning of 28 U.S.C. Section 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. Sections 1408 and 1409.

4. The bases for the relief requested in this Objection are sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Bankruptcy Rule 3007-1.

### III.   FACTUAL HISTORY

**A.   The Bankruptcy**

5. On April 25, 2020, Cinemex USA and Cinemex Holdings filed for bankruptcy under chapter 11 of title 11 of the Bankruptcy Code in this Court. On April 26, 2020 (together with April 25, 2020, the "Petition Dates"), CB Theater also filed for bankruptcy under chapter 11 in this Court.

6. The bankruptcy cases were jointly administered under the lead case Cinemex USA Real Estate Holdings, Inc., Case No. 20-14695-LMI.

7. The deadline to file proofs of claim was set as July 6, 2020.

8. Cinemex is in the movie theater business and is based in Miami, Florida. At the time of the filing of this case, Cinemex operated 41 movie theaters in dozens of cities in 12 states, including Florida. The theaters operate under the brand name "CMX Cinemas."

1. On November 25, 2020, the Court entered the Confirmation Order. Case No. 20-14695, ECF No. 936. Pursuant to the Confirmation Order (at Paragraph 132), the Reorganized Debtors[1] have the sole authority to bring objections to secured claims.

2. On April 22, 2021, the Court entered the Final Decrees in the bankruptcy cases of CB Theater Experience LLC, Case No. 20-14699 (ECF No. 29) and Cinemex USA Real Estate Holdings, Inc., Case No. 20-14695 (ECF No. 1065) (collectively, the "Closed Cases").

---

[1] "Reorganized Debtors" is defined in the Plan as "the Debtors, as reorganized pursuant to and under the Plan or any successor thereto, by merger, consolidation, or otherwise, on or after the Effective Date."

3. On April 27, 2021, the Court ordered that all outstanding matters should henceforth be docketed in the remaining open bankruptcy case, Cinemex Holdings USA, Inc., Case No. 20-14696. *See* Case No. 20-14695, ECF No. 1071.

4. On June 1, 2021, the Court entered an Order Extending Claims Objection Deadline for another one hundred eighty days through and including the later of: (a) December 13, 2021, or (b) one hundred eighty days following the date that a proof of Claim is filed or amended. *See* ECF No. 165.

**B.    The Asserted Secured Claim**

9. On May 19, 2020, VCC, LLC filed with the Court a Notice of Filing and Perfection of Lien Pursuant to 11 U.S.C. §§ 362(b)(3) and 546(b), alleging a mechanic's lien on 1025 W. Addison, Chicago, Illinois (the "Addison Property"). Case No. 20-14695, ECF No. 128.

10. On July 7, 2020, VCC, LLC filed Proof of Claim No. 80 in Case No. 20-14695, alleging a secured claim against Debtors Cinemex USA and CB Theater in the amount of $4,559,091.63. The proof of claim stated that the $4,559,091.63 of the Asserted Secured Claim is secured by a mechanic's lien relating to the Addison Property. According to the Proof of Claim, VCC, LLC completed the contracted work on the Addison Property on April 22, 2020. Although the Proof of Claim contains an attachment with the original contractor's claim for mechanic's lien, the Proof of Claim form itself did not assert that any part of the claim was secured.

11. On August 19, 2020, VCC, LLC filed an Amended Proof of Claim No. 80 in Case No. 20-14695, alleging a secured claim against Debtors CB Theater and Cinemex Holdings in the amount of $4,956,411.79. The basis of perfection of the lien is listed on the Amended Proof of Claim as "Mechanic's Lien." The documents attached to the Amended Proof of Claim fall into three general categories: (1) invoices for $272,302.16 for services rendered by a third party,

Matching Pro, at Cinemex Halcyon Village Center ("Halcyon Property") and billed to VCC, LLC; (2) application and certificate of payment for $49,737.00 for contractor work at Cinemex Brickell City Center ("Brickell Property"), along with a Conditional Final Waiver of Lien conditioned upon receipt of the same amount; (3) application for additional payment of $75,281.00 for contractor work at CMX Cinema Wrigleyville ("Wrigleyville Property"), along with a Conditional Final Waiver of Lien conditioned up receipt of the same amount. The amounts detailed on the three attachments total $397,320.16. The unsubstantiated differential between the amount of the Asserted Secured Claim, $4,956,411.79, and the $397,320.16 listed on invoices in the Amended Proof of Claim, hence $4,559,091.63, appears to correspond to the amount substantiated in the original Proof of Claim, mechanic's lien relating to the Addison Property.

12. Also on August 19, 2020, VCC, LLC filed "out of an abundance of caution" a Motion for Order Granting Relief from the Automatic Stay to Enforce Mechanic's Lien (Case No. 20-14695, ECF No. 493), and Declaration of Jessica Haddad in Support of Motion for Order Granting Relief from the Automatic Stay to Enforce Mechanic's Lien (Case No. 20-14695, ECF No. 494). The motion for relief from stay alleged a mechanics lien relating to the Addison Property for "no less than $4,634,372.63," but it was filed after the underlying lease was rejected. *See* Case No. 20-14695, ECF No. 72. The motion for relief from stay remains pending.

13. On May 18, 2021, the GUC Claims Trust filed its *Third Omnibus Objection to Claims (Amended and Superseded Claims)* (ECF No. 116), objecting to the original Proof of Claim filed by VCC, LLC (Claim 80-1 in Case No. 20-14695). The Amended Proof of Claim (Claim 80-2 in Case No. 20-14695) was not affected by the objection of the GUC Claims Trust.

14. On August 1, 2021, the Court entered an order sustaining the GUC Claims Trust's objection. ECF No. 1076. Pursuant to the court order, Claim 80-1 in Case No. 20-14695 was

stricken and disallowed in its entirety. The amended claim, Claim 80-2 in Case No. 20-14695 (*see* Amended Proof of Claim) was not affected by the Court order.

C. **The Addison Property (The Wrigleyville Property)**

15. As set forth in the *Stipulation Regarding Debtors' Motion to Reject Lease with 1025 W. Addison Street Apartments Owner, LLC* between the Debtors and the owner of the Addison Property (Case No. 20-14695, ECF No. 228), 1025 W. Addison Street Apartments Owner, LLC (the "Addison Lessor") is the owner of the Addison Property and was a lessor of the Addison Property pursuant to a lease dated July 3, 2014 (the "Addison Lease").

16. On April 30, 2020, the Debtors moved to reject the Addison Lease (Case No. 20-14695, ECF No. 29). In their motion to reject, the Debtors identified the Addison Lease as the Wrigleyville Lease.

17. On May 7, 2020, the Court entered an order granting the Debtors' motion to reject the Addison Lease (Case No. 20-14695, ECF No. 72).

18. Pursuant to the Confirmation Order (at Paragraph 144), the Debtors are deemed not to assume unexpired leases that were previously rejected.

19. On November 19, 2019, the Debtors filed the Assumed Executory Contract and Unexpired Lease List (the "Assumption List") as Exhibit B to the Plan Supplement for the Plan (Case No. 20-14695, ECF No. 885). The Assumption List does not include the Addison Lease.

20. Furthermore, the Addison Lessor filed its own proof of claim that included the asserted lien of contractor VCC, LLC in the amount of $4,559,091.63 (Case No. in 20-14699, Claim 39-1, Part 2, at 4).

21. On July 7, 2021, the GUC Trust and the Addison Lessor filed an agreed motion resolving Claim 39-1 in Case No. 20-14699. ECF No. 207.

22. The Court granted the agreed motion resolving Addison Lessor's claim on July 28, 2021. ECF No. 211. Pursuant to the court order, the entire Claim No. 39-1 filed by the Addison Lessor is allowed as a general unsecured claim in the reduced amount of $9,586,504.00, and is no longer subject to disallowance, modification and/or reduction.

23. Consequently, VCC, LLC's claim as it related to the Addison Property was resolved pursuant to the *Agreed Order Granting GUC Claims Trust's Agreed Motion Resolving Claim No. 39-1 Filed by 1025 W. Addison Street Apartments Owner, LLC (ECF No. 207)*. ECF No. 211.

24. Additionally, the Asserted Secured Claim as it relates to the Addison Property does not attach to any property of the estate as the estate did not include the land within the Wrigleyville Property, and as such is not a secured claim under the Plan or the Bankruptcy Code.

**D.    The Halcyon Property**

25. On November 25, 2020, the Court entered the Confirmation Order. Case No. 20-14695, ECF No. 936. Pursuant to the Plan Supplement for the Plan, the Halcyon Property lease was assumed by CB Theater under Binding Term Sheet Pertaining to Existing Ground Lease with GT RP Halcyon, LLC with a cure amount of $54,500. Case No. 20-14695, ECF No. 885 at 70.

26. Pursuant to the Confirmation Order, the Debtors provided sufficient cure payments predicate to the assumption of the Halcyon Property (the "Halcyon Lease") as amended to provide for the Debtors to remove the mechanic's liens on the Halcyon Property.

27. Notwithstanding assumption or rejection, however, the Asserted Secured Claim as it relates to the Halcyon Property does not attach to property of the estate, and as such is not a secured claim under the Plan or the Bankruptcy Code.

28. Furthermore, VCC, LLC does not substantiate its claim regarding the Halcyon Property other than by attaching invoices issued to it by a third-party contractor, Matching Pro. VCC, LLC does not clarify its contractual relationship, if any, with the Debtors in relation to the Halcyon Property, nor its contractual relationship, if any, with Matching Pro, and how it relates to the Debtors. As such, VCC, LLC's $272,302.16 of the Asserted Secured Claim relating to the Halcyon Property is unsubstantiated.

29. Additionally, CB Theater directly assumed the contract with the third-party contractor that issued invoices to VCC, LLC. VCC, LLC added such third-party invoices to its Proof of Claim with what appears to be a summary invoice issued by VCC, LLC to Cinemex Halcyon Village Center. The assumed contract with the third-party contractor, Matching Pro, for "Promotional GiveAways for new openings of PTC, Halcyon and Wheeling" is listed on the Plan Supplement with a cure amount of $0. Case No. 20-14695, ECF No. 885 at 71. As such, the underlying claim of Matching Pro that formed the basis of invoices issued to VCC, LLC for the services rendered at the Halcyon Property have been satisfied. Consequently, VCC, LLC's $272,302.16 of the Asserted Secured Claim relating to the Halcyon Property has been satisfied.

E. **The Brickell Property**

30. On November 25, 2020, the Court entered the Confirmation Order. Case No. 20-14695, ECF No. 936. Pursuant to the Plan Supplement for the Plan, the Brickell Property lease was assumed by CB Theater under Binding Term Sheet Amending Existing Commercial Lease with Brickell City Experience LLC with a cure amount of $161,654.00. Case No. 20-14695, ECF No. 885 at 19.

31. Pursuant to the Confirmation Order, the Debtors provided sufficient cure payments predicate to the assumption of the lease for Brickell Property (the "Brickell Lease") as amended to provide for the relevant lessor to remove the mechanic's liens on the Brickell Property.

32. Notwithstanding assumption or rejection, however, the Asserted Secured Claim as it relates to the Brickell Property does not attach to any property of the estate as the estate did not include the land within Brickell Property, and as such is not a secured claim under the Plan or the Bankruptcy Code.

### IV.  OBJECTION

33. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under Section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim under Section 502(a) of the Bankruptcy Code. However, a claimant's proof of claim is entitled to the presumption of *prima facie* validity only until the debtor effectively rebuts the presumption of validity. *In re Santiago*, 404 B.R. 564, 570 (Bankr. S.D. Fla. 2009). The burden of proof then shifts to the creditor. *Id.*

34. By this Objection, the Reorganized Debtors seek to reclassify the Asserted Secured Claim from secured to general unsecured. For the Addison Lease, Illinois mechanics' lien law specifies that the mechanic's lien attaches to real property only: "Any [contractor] has a lien upon the whole of such lot or tract of land and upon adjoining or adjacent lots or tracts of land of such owner . . . for the amount due to him or her for the material, fixtures, apparatus, machinery, services or labor . . . ." Illinois Mechanics Lien Act, 770 ILCS 60/0.01, *et seq*. The Illinois law applicable here does not provide for any lien on the Debtors' personal property, and the Addison Lease has

been rejected by a final order. "It is a fundamental principle of bankruptcy law that a creditor cannot hold a secured claim in the case unless its collateral is property of the estate." *In re Paul*, 534 B.R. 430, 434 (Bankr. M.D. Ga. 2015). *See also In re Walker*, No. 4:03-BK-17741E, 2003 WL 22794522, at *2 (Bankr. E.D. Ark. Oct. 31, 2003), *Magna Bank v. Gilsinn*, 224 B.R. 710 (Bankr. E.D. Mo. 1997); *In re Gabor*, 155 B.R. 391 (Bankr. N.D. W. Va. 1993); *In re Elliot*, 64 B.R. 429 (Bankr. W.D. Mo. 1986).

35. For the Halcyon Lease, even if there were collateral, any secured claim was satisfied and released pursuant to the Plan as the Brickell Lease was assumed and cured, with sufficient proceeds to pay VCC, LLC's claim in full. Furthermore, VCC, LLC's alleged claim related to the Halcyon Lease is insufficiently substantiated. However, the alleged underlying Halcyon Lease claim submitted by VCC, LLC was satisfied directly by the Debtors by virtue of assuming and curing the contract with the third-party contractor, Matching Pro, on whose invoices VCC, LLC relies in its alleged secured claim against the Debtors. The invoices submitted by VCC, LLC concern services provided by Matching Pro in relation to the same property as the assumed contract with Matching Pro. As set forth more fully below, this Objection is without prejudice to seeking reduction of the claim after reclassification to reflect this satisfaction.

36. For the Brickell Lease, even if there were collateral, any secured claim was satisfied and released pursuant to the Plan as the Brickell Lease was assumed and cured, with sufficient proceeds to pay VCC, LLC's claim in full. As set forth more fully below, this Objection is without prejudice to seeking reduction of the claim after reclassification to reflect this satisfaction.

## V. **RESERVATION OF RIGHTS**

37. This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Reorganized Debtors, the GUC Trustee, or any other party in interest

to object to any claim on any grounds whatsoever, and the Reorganized Debtors expressly reserve all further substantive or procedural objections they may have. The Reorganized Debtors expressly reserve the right to further amend, modify, or supplement this Objection and to file additional substantive or non-substantive objections to the Claim. Should one or more grounds of objection set forth in this Objection be overruled, the Reorganized Debtors reserve the right to object to the Claim on any other applicable ground. The Reorganized Debtors also expressly reserve the right to raise further objections, including objections under Section 502(d) of the Bankruptcy Code.

38.     Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to Section 365 of the Bankruptcy Code; or (f) a waiver of the Reorganized Debtors' rights under the Bankruptcy Code or any other applicable law.

## VI.     NOTICE

39.     The Reorganized Debtors will provide notice of this Objection to: (a) the Office of the United States Trustee for the Southern District of Florida; (b) the entity filing the Claim and its counsel, if any; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Reorganized Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## VII.  CONCLUSION

WHEREFORE, the Reorganized Debtors respectfully request entry of an Order substantially in the form attached hereto as **Exhibit A**, (a) sustaining the instant Objection; (b) reclassifying from secured to general unsecured Claim No. 80 of VCC, LLC filed in Case No. 20-14695; and (c) granting any and further relief as the Court deems just and proper.

Respectfully submitted this 13th day of December, 2021.

> QUINN EMANUEL URQUHART & SULLIVAN, LLP
>
> Patricia B. Tomasco (admitted *pro hac vice*)
> Joanna Diane Caytas (admitted *pro hac vice*)
> 711 Louisiana Street, Suite 500
> Houston, Texas 77002
> Telephone: 713-221-7000
> Facsimile: 713-221-7100
> Email: pattytomasco@quinnemanuel.com
> Email: joannacaytas@quinnemanuel.com
>
> By: /s/ *Patricia B. Tomasco*
>     Patricia B. Tomasco (admitted *pro hac vice*)
>
> Juan P. Morillo (FBN 135933)
> 1300 I Street, NW, Suite 900
> Washington, D.C. 20005
> Telephone: 202-538-8000
> Facsimile: 202-538-8100
> Email: juanmorillo@quinnemanuel.com
>
> -and-

BAST AMRON LLP

Jeffrey P. Bast (FBN 996343)
Brett M. Amron (FBN 148342)
Jaime B. Leggett (FBN 1016485)
One Southeast Third Avenue, Suite 1400
Sun Trust International Center
Miami, Florida 33131
Telephone: 305-379-7904
Facsimile: 305-379-7905
Email: jbast@bastamron.com
Email: bamron@bastamron.com
Email: jleggett@bastamron.com

**COUNSEL FOR CINEMEX HOLDINGS USA, INC.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

CINEMEX HOLDINGS USA, INC.,

    Reorganized Debtor.

_____/

Chapter 11

Case No. 20-14696-LMI

(Formerly Jointly Administered Under Lead Case: Cinemex USA Real Estate Holdings, Inc., Case No. 20-14695-LMI)

### ORDER GRANTING REORGANIZED DEBTOR'S OBJECTION TO CLAIM NO. 80 OF VCC, LLC

This matter having been considered without hearing upon the objection (ECF No. ___) (the "Objection") of the Reorganized Debtor to Claim No. 80 of VCC, LLC in Case No. 20-14695, and the objector by submitting this form of order having represented that the Objection was served on the parties listed below, that the 30-day response time provided by Local Rule 3007-1(D) has expired, that no one listed below has filed, or served on the objector, a response to the Objection,

and that the relief to be granted in this Order is the identical relief requested in the Objection, and this Court having considered the bases for the Objection to the Claim, it is

ORDERED that the Reorganized Debtor's Objection to the following claim is sustained as set forth herein:

1. Claim No. 80 of VCC, LLC filed in Case No. 20-14695 is reclassified from a secured to general unsecured claim in its entirety and disallowed in its entirety for the reasons set forth in the Objection; and

2. The Clerk of the Court and the Reorganized Debtor's claims agent are authorized and directed to update the claims register maintained in these chapter 11 cases to reflect the relief granted in this Order.

# # #

Submitted By:

Patricia B. Tomasco
Quinn Emanuel Urquhart & Sullivan, LLP
711 Louisiana, Suite 500
Houston, Texas 77002
Telephone: 713-221-7100
Email: pattytomasco@quinnemanuel.com

Copies to:

*Attorney Patty Tomasco, who shall serve a copy of this order on all interested parties and file a certificate of service reflecting same.*