UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE: Chapter 11 Case

CINEMEX HOLDINGS USA, INC., Case No.: 20-14696-LMI

Debtor.
_______________________________________/

**_EX PARTE_ MOTION OF GUC CLAIMS TRUST FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH THE GUC CLAIMS TRUST MAY OBJECT TO GENERAL UNSECURED CLAIMS**

The GUC Claims Trust files this *Ex Parte Motion of GUC Claims Trust for Entry of an Order Further Extending the Period Within Which the GUC Claims Trust May Object to General Unsecured Claims* (the "Motion") pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007-1 of the United States Bankruptcy Court for the Southern District of Florida ("LBR"), for the entry of an order substantially in the form attached hereto as **Exhibit A** further extending the period within which the GUC Claims Trust may object to Claims (as defined in the Plan, defined below) filed against the Debtors' estates by one hundred eighty (180) days. In support of this Motion, the GUC Claims Trust respectfully represents as follows:

**Background**

1. On April 25, 2020, and April 26, 2020, Cinemex USA Real Estate Holdings, Inc., and two of its affiliates (collectively, the "Debtors") each filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court").

2. On November 25, 2020, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law and Order Confirming Third Amended Joint Chapter 11 Plan of Reorganization of Cinemex USA Real Estate Holdings, Inc., Cinemex Holdings USA, Inc. and CB Theater Experience LLC* [Docket No. 936] (the "Confirmation Order"). Pursuant to the Confirmation Order, the Bankruptcy Court confirmed the *Third Amended Joint Plan of Reorganization of Cinemex USA Real Estate Holdings, Inc., Cinemex Holdings USA, Inc. and CB Theater Experience LLC* [Docket No. 772] (the "Plan"). On December 18, 2020, the Effective Date of the Plan occurred [Docket No. 973].

3. Upon the Effective Date of the Plan, the GUC Claims Trust was created. Advisory Trust Group, LLC, was appointed the GUC Claims Trustee of the GUC Claims Trust (the "GUC Claims Trustee").

4. The GUC Claims Trust is responsible for, among other things, "administer[ing] the GUC Claims Trust Assets and will be the Estates' representative with respect to the settlement, release, allowance, disallowance, or compromise of GUC Claims in accordance with the Plan and the Bankruptcy Code." *See* Plan at Article IV.V.

**Claims Administration**

5. On April 29, 2020, the *Notice of Chapter 11 Bankruptcy Case* [Docket No. 15] established July 6, 2020 (the "General Claims Bar Date"), as the deadline for all persons and entities asserting a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to the Petition Date, including claims pursuant to section 503(b)(9) of the Bankruptcy Code, other than those of governmental units.

6. On June 11, 2020, each of the Debtors filed its respective schedules of assets and liabilities (as amended from time to time, the "Schedules") pursuant to Bankruptcy Rule 1007. On August 13, 2020, and October 16, 2020, the Debtors filed amended Schedules.

7. As of the filing of this Motion, approximately 300 general unsecured claims have been filed in these cases in the aggregate approximate amount of $1.3 billion.

8. The Plan provides that objections to claims (the "Claims Objection Deadline") must be filed by the later of: (a) the date that is 180 days after the Effective Date, *i.e.*, June 16, 2021; and (b) such other date as may be fixed by the Bankruptcy Court, after notice and hearing, upon a motion filed before the expiration of such deadline. Plan, Art. I.A.28; VII.D.

9. On May 10, 2021, the GUC Claims Trust filed an *Ex Parte Motion to (I) Add Claim Objection Categories to Omnibus Objections; and (II) to Waive Requirements of Local Rule 3007-1(C) that Objection be Limited to Five Claims per Pleading Filed by Other Professional GUC Claims Trust* [Docket No. 39] (the "Claim Objection Procedures Motion"). On May 12, 2021, the Court entered an order approving the Claim Objection Procedures Motion [Docket No. 41].

10. On May 18, 2021, the GUC Claims Trust filed the *GUC Claims Trust's First Omnibus Objection to Claims (Duplicative Claims)* [Docket No. 114] in which it objected to eight duplicate claims.

11. On May 18, 2021, the GUC Claims Trust filed the *GUC Claims Trust's Second Omnibus Objection to Claims (Duplicative Claims Against Multiple Debtors)* [Docket No. 115] in which it objected to eight duplicate claims.

12. On May 18, 2021, the GUC Claims Trust filed the *GUC Claims Trust's Third Omnibus Objection to Claims (Amended and Superseded Claims)* [Docket No. 116] in which it objected to 16 claims.

13. On May 28, 2021, the GUC Claims Trust filed *Ex Parte Motion of GUC Claims Trust for Entry of an Order Extending the Claims Objection Deadline* (the "First Extension Motion") [Docket No. 164], seeking an initial extension of the Claims Objection Deadline by 180 days, to December 13, 2021. By order entered June 1, 2021 [Docket No. 165], the Bankruptcy Court granted the First Extension Motion.

14. On June 28, 2021, the GUC Claims Trust filed the *GUC Claims Trust's Fourth Omnibus Objection to Claims (Assumed/Cured Claims)* [Docket 182] in which it objected to 129 claims.

15. On September 20, 2021, the GUC Claims Trust filed the *GUC Claims Trust's Fifth Omnibus Objection to Claims* (*Assumed Claims; Duplicate Claim; Insufficient Documentation Claim*) [Docket No. 240] in which it objected to seven claims.

16. On November 5, 2021, the GUC Claims Trust filed *Ex Parte Motion of GUC Claims Trust for Entry of an Order Further Extending the Claims Objection Deadline* (the "Second Extension Motion") [Docket No. 293], seeking a further extension of the Claims Objection Deadline by 180 days, to June 10, 2022. By order entered November 10, 2021 [Docket No. 303], the Bankruptcy Court granted the Second Extension Motion.

17. On November 23, 2021, the GUC Claims Trust filed *GUC Claims Trust's Sixth Omnibus Objection to Claims (Assumed Claim; Duplicate Claim; Lacks Sufficient Documentation Claim)* [Docket No. 319] in which it objected to three claims.

18. On November 23, 2021, the GUC Claims Trust filed *GUC Claims Trust's Seventh Omnibus Objection to Claims (Assumed Claim; Duplicate Claim; Lacks Sufficient Documentation Claim)* [Docket No. 320] in which it objected to 153 claims.

## **Jurisdiction**

19. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

20. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

21. The current Claims Objection Deadline is June 10, 2022. By this Motion and pursuant to Bankruptcy Rule 9006(b)(1) and LBR 3007-1(c), the GUC Claims Trust seeks a further extension of the Claims Objection Deadline for another one hundred eighty (180) days through and including the later of: (a) December 7, 2022, or (b) one hundred eighty (180) days following the date that a proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim.

22. The GUC Claims Trust further requests that the order approving this Motion be without prejudice to the rights of the GUC Claims Trust to seek further extension or extensions of the Claims Objection Deadline.

**Basis for Relief**

23. There are approximately 300 general unsecured proofs of claim pending that require review and analysis. Since the Effective Date, the GUC Claims Trust has retained professionals, taken steps to establish its bank account, coordinated information requests of the Debtors, has begun its preliminary review and investigation of assets and disposition of property, and has commenced an analysis of the filed claims. In addition, the GUC Claims Trust has begun objecting to claims, including as reflected in the seven omnibus objections referenced above, and has begun negotiating settlements of claims where possible. However, the GUC Claims Trust requires additional time to review and determine which claims are valid and which should be

objected to, including but not limited to in light of payments made during the case, litigation that may be commenced, and resolutions that may be achieved without need for formal objections.

24. Accordingly, the GUC Claims Trust seeks additional time to review and analyze the remaining unresolved claims in order to determine whether objections (or other actions) are appropriate. The GUC Claims Trust submits that extending the Claims Objection Deadline is in the best interests of all stakeholders. The extension sought will afford the GUC Claims Trust and its respective management and professionals an opportunity to make more fully informed decisions concerning the resolution of pending claims in the interests of ensuring ratable distributions among and maximizing value for legitimate creditors.

25. Furthermore, extension of the Claims Objection Deadline is not sought coercively for purposes of delay, nor will it affect or prejudice any claimant's substantive defense(s) to any objection. Rather, the extension is intended to promote the efficient administration of these cases and the claims allowance process. Absent the requested extension of the Claims Objection Deadline, the GUC Claims Trust will either be precluded from challenging invalid, misclassified, and/or overstated claims, or it will be forced to file hastily prepared protective objections without the benefit of a full review and analysis and incur the cost of doing so.

26. For the reasons set forth above, the GUC Claims Trust submits that further extending the Claims Objection Deadline through and including the later of: (a) December 7, 2022, or (b) one hundred eighty (180) days following the date that a proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim is necessary, prudent, and in the best interests of all stakeholders. This is the third requested extension of the Claims Objection Deadline.

**Reservation of Rights**

27. The GUC Claims Trust hereby reserves the right to seek further extension or extensions of the Claims Objection Deadline.

**Notice**

28. Notice of this Motion has been provided to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; and (b) all parties that have filed a renewed request for service of papers under Bankruptcy Rule 2002 pursuant to the Effective Date Notice. The GUC Claims Trust respectfully submits that such notice is sufficient under the circumstances.

WHEREFORE, the GUC Claims Trust respectfully requests that the Court enter the Proposed Order, attached hereto as **Exhibit A**, extending the Claims Objection Deadline as requested herein, and such other and further relief as is just and proper.

Dated: May 10, 2022

BERGER SINGERMAN LLP
313 N. Monroe Street, Suite 301
Tallahassee, FL 32301
Tel: (850) 561-3010; Fax: (850) 561-3013

By: *\/s/ Brian G. Rich*
Brian G. Rich
Florida Bar No. 38229
brich@bergersingerman.com

-and-

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein (admitted pro hac vice)
Bradford J. Sandler (admitted pro hac vice)
Cia H. Mackle (FBN 26471)
780 Third Avenue, 34th Floor
New York, NY 10017-2024
Tel: (212) 561-7700; Fax: (212) 561-7777
Email: rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
cmackle@pszjlaw.com

*Counsel for the GUC Claims Trust*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on this 10th day of May, 2022, by electronic transmission through the Court's CM/ECF system upon all parties on the attached CM/ECF Service List.

By: */s/ Brian G. Rich*
Brian G. Rich

**CM/ECF SERVICE LIST**

- Joaquin J Alemany joaquin.alemany@hklaw.com, jose.casal@hklaw.com
- Brett M Amron bamron@bastamron.com, mdesvergunat@bastamron.com,jmiranda@bastamron.com,kjones@bastamron.com
- Eric N Assouline ena@assoulineberlowe.com, ah@assoulineberlowe.com
- Jeffrey P. Bast jbast@bastamron.com, jdepina@bastamron.com;kjones@bastamron.com;jmiranda@bastamron.com;mdesvergunat@bastamron.com
- Leyza F. Blanco lblanco@sequorlaw.com, jdiaz@sequorlaw.com
- Henry H Bolz hbolz@polsinelli.com, robrien@polsinelli.com;LBugliaro@polsinelli.com;FLdocketing@polsinelli.com
- Timothy R Bow timothy.bow@bclplaw.com
- John C. Brock jbrock@cotneycl.com, cguido@cotneycl.com
- Thomas M Byrne tombyrne@eversheds-sutherland.com, thomas-byrne-2475@ecf.pacerpro.com;nickolebaker@eversheds-sutherland.com
- Sara L. Chenetz schenetz@perkinscoie.com
- Shawn M Christianson schristianson@buchalter.com, cmcintire@buchalter.com
- Andrew S Conway aconway@taubman.com
- Ryan E Davis rdavis@whww.com, thiggens@whww.com;thiggens@ecf.courtdrive.com
- Sean B Davis sbdavis@winstead.com, mmingo@winstead.com
- Allison R Day aday@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;ecastellanos@gjb-law.com;jsardina@gjb-law.com;jsardina@ecfcourtdrive.com
- Herbert R Donica herb@donicalaw.com
- Brian M Dougherty bmd@gsrnh.com
- G Steven Fender steven.fender@fender-law.com, simone@fenderbollingpaiva.com
- Michael A. Frank pleadings@bkclawmiami.com, bkcpleadings@gmail.com;frankmr48583@notify.bestcase.com
- David L Gay dgay@carltonfields.com, cguzman@carltonfields.com;efile@ecf.inforuptcy.com;miaecf@cfdom.net
- Andrew Goldman andrew.goldman@wilmerhale.com, benjamin.loveland@wilmerhale.com;yolande.thompson@wilmerhale.com
- Eric Goldstein egoldstein@goodwin.com, bankruptcy@goodwin.com;bankruptcyparalegal@goodwin.com
- Michael B Green mgreen@gunster.com, virastorza@gunster.com
- Andrea S. Hartley andrea.hartley@akerman.com, janet.salinas@akerman.com
- Timothy Maze Hartley hartley@hartleylaw.net, reid@hartleylaw.net
- Tyler A Hayden tyler@phlfirm.com, michael@phlfirm.com
- Nicole Grimal Helmstetter ngh@agentislaw.com, marilee.tamesolmedo@bipc.com;tabitha.pellegrene@bipc.com;kimberly.ecker@bipc.com
- Stephan Hornung hornung@lsellp.com
- Marsha A Houston mhouston@reedsmith.com, hvalencia@reedsmith.com

- Thomas B. Humphries thumphries@sirote.com
- John B. Hutton III huttonj@gtlaw.com, mialitdock@gtlaw.com;miaecfbky@gtlaw.com;perezan@gtlaw.com;perezan@gtlaw.co m
- Andrew Kamensky akamensky@kelleykronenberg.com, raldama@kelleykronenberg.com;jsilver@kelleykronenberg.com
- Harris J. Koroglu hkoroglu@shutts.com, kszolis@shutts.com;bvelapoldi@shutts.com
- Robert L LeHane kdwbankruptcydepartment@kelleydrye.com
- Jaime Burton Leggett jleggett@bastamron.com, jmiranda@bastamron.com,mdesvergunat@bastamron.com
- Alexis A Leventhal aleventhal@reedsmith.com, slucas@reedsmith.com
- John E Lucian lucian@blankrome.com
- Ilan Markus imarkus@barclaydamon.com, docketing@barclaydamon.com
- Robert C Meyer meyerrobertc@cs.com, rcmpapl@gmail.com;rcmeyer@gmail.com;assistantrcmpa@gmail.com;meyerrr90112@n otify.bestcase.com
- Vanessa P Moody vmoody@goulstonstorrs.com
- Glenn D Moses gmoses@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com;gjbecf@ecf.courtdrive.com;ecastellanos@gjb-law.com;jsardina@gjb-law.com
- Patrick M Mosley pmosley@hwhlaw.com, telam@hwhlaw.com
- Rachel Nanes rachel.nanes@dlapiper.com, Diana.delcampo@dlapiper.com;docketingchicago@dlapiper.com;rachel-nanes-6543@ecf.pacerpro.com
- Michael A. Nardella mnardella@nardellalaw.com, service@nardellalaw.com;klynch@nardellalaw.com
- Kevin S Neiman kevin@ksnpc.com
- Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov
- Omni Agent Solutions (Cashman) ccashman@omniagnt.com, 3606531420@filings.docketbird.com
- Jimmy D. Parrish jparrish@bakerlaw.com, orlbankruptcy@bakerlaw.com;cmartin@bakerlaw.com;egreen@bakerlaw.com
- Kristen N Pate bk@brookfieldpropertiesretail.com
- Hampton Peterson legalservices@PBCTax.com
- Stephen B Porterfield sporterfield@sirote.com
- Leanne McKnight Prendergast Leanne.Prendergast@fisherbroyles.com, l3annemp@gmail.com
- Anthony Princi anthonyprinci3rd@gmail.com
- Jordan L Rappaport office@rorlawfirm.com, 1678370420@filings.docketbird.com
- David A Ray dray@draypa.com, draycmecf@gmail.com;sramirez.dar@gmail.com
- Ryan C Reinert rreinert@shutts.com, juanitasanchez@shutts.com
- Edwin G. Rice erice@babc.com, ddecker@babc.com;dmills@babc.com;erice@ecf.courtdrive.com
- Brian G Rich brich@bergersingerman.com, efile@bergersingerman.com;efile@ecf.inforuptcy.com
- Ariel Rodriguez ariel.rodriguez@usdoj.gov
- David L Rosendorf dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

- Amelia Toy Rudolph amyrudolph@eversheds-sutherland.com, KatieClark@eversheds-sutherland.us;amy-rudolph-1418@ecf.pacerpro.com
- Jay Sakalo jsakalo@bilzin.com, eservice@bilzin.com;lflores@bilzin.com
- Mark A Salzberg mark.salzberg@squirepb.com, shannon.munsell@squirepb.com;FLA_DCKT@squirepb.com;mark-a-salzberg-2003@ecf.pacerpro.com;Gregory.davis@squirepb.com
- Michael D. Seese mseese@seeselaw.com, sseward@seeselaw.com
- Paul Steven Singerman singerman@bergersingerman.com, mdiaz@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com
- Jason Slatkin jslatkin@loriumlaw.com, ecf.jslatkin@loriumlaw.com
- David R. Softness david@softnesslaw.com
- Scott A Stichter sstichter.ecf@srbp.com
- Sabrina L Streusand streusand@slollp.com, villa@slollp.com
- Patricia B Tomasco pattytomasco@quinnemanuel.com, barbarahowell@quinnemanuel.com;cristinazuniga@quinnemanuel.com;serafinaconcannon@quinnemanuel.com;joannacaytas@quinnemanuel.com;cristinagreen@quinnemanuel.com
- Ronald M Tucker rtucker@simon.com, cmartin@simon.com;bankruptcy@simon.com
- Jason A. Weber jaw@tblaw.com, aravix@tblaw.com;dbissoondatt@tblaw.com
- Edmund S Whitson edmund.whitson@arlaw.com, madeline.algarin@arlaw.com
- Gillian D Williston gillian.williston@troutman.com, fslecfintake@troutman.com;ethan.ostroff@troutman.com;richard.hagerty@troutman.com;carter.nichols@troutman.com;christina.lesko@troutman.com;virginia.flynn@troutman.com;matthew.brooks@troutman.com;nathan.deloatch@trou
- George L. Zinkler gzinkler.ecf@rprslaw.com

# EXHIBIT A

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE: Chapter 11 Case

CINEMEX USA REAL ESTATE HOLDINGS, INC, Case No.: 20-14696-LMI

Debtors.
_______________________________________/

**ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH THE GUC CLAIMS TRUST MAY OBJECT TO CLAIMS**

**THIS CAUSE** came before the Court, without a hearing, upon *GUC Trust's Motion for Entry of an Order Further Extending the Period Within Which the GUC Claims Trust May Object to Claims* (the "Motion")[1] [ECF No. ___] filed by the GUC Claims Trust (the "GUC Claims Trust") established in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"), and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and the Court having jurisdiction

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 408 and 1409; and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed; and after due deliberation and sufficient cause appearing therefor,

It is **ORDERED** as follows:

1. The Motion is **GRANTED** as set forth herein.

2. The time period within which the GUC Claims Trust may file objections to Claims is enlarged and extended through and including the later of: (a) December 7, 2022, or (b) one hundred eighty (180) days following the date that a proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim (the "Claims Objection Deadline").

3. This Order shall be without prejudice to the rights of the GUC Claims Trust to seek further extensions of the Claims Objection Deadline.

4. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.

# # #

Submitted by:
Brian G. Rich, Esq.
Berger Singerman LLP
313 N. Monroe Street, Suite 301
Tallahassee, FL 32301
Telephone: (850) 561-3010
Facsimile: (850) 561-3013
E-mail: brich@bergersingerman.com

*(Brian G. Rich, Esq. is directed to serve this order upon all non-registered users or registered users who have yet to appear electronically in these cases and file a conforming certificate of service.)*