Page 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                           CASE NO. 20-14696-LMI

CINEMEX HOLDINGS USA,

    Debtor.
_____/

ECF #445

October 26, 2022

    The above-entitled cause came on for hearing Via Zoom before the Honorable LAUREL M. ISICOFF, one of the Judges in the UNITED STATES BANKRUPTCY COURT, in and for the SOUTHERN DISTRICT OF FLORIDA, at 301 North Miami Ave., Miami, Miami-Dade County, Florida, on October 26, 2022, commencing at or about 9:30 a.m., and the following proceedings were had.

Digital Recording Transcribed By:
Cheryl L. Jenkins, RPR, RMR

```
 1
 2              APPEARANCES VIA ZOOM:
 3
                BERGER SINGERMAN, by
 4              BRIAN RICH, Esquire
                        and
 5       PACHULSKI STANG ZIEHL & JONES, by
                CIA MACKLE, Esquire
 6       On behalf of the GUC Claims Trust
 7
                    ALSO PRESENT
 8
                  SHERMAN WILLIAMS
 9
              ECRO - DIGITAL OPERATOR
10
11
                    - - - - - - -
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1   THE COURT: All right. The next matter we
2   have is Cinemex Holdings, 20-14696, and I know Mr. Wil --
3   there is Mr. Williams. I know I saw him. So, there you
4   go.
5   All right. So, I'll take appearances in the
6   -- first, from Mr. Rich. So, Mr. Rich, please make your
7   appearance.
8   MR. RICH: Good morning, your Honor.
9   Brian Rich, from Berger Singerman, on behalf of the trust.
10  THE COURT: Okay. Ms. Mackle, please make
11  your appearance.
12  MS. MACKLE: Good morning, your Honor.
13  Cia Mackle, of Pachulski Stang Ziehl & Jones, on behalf of
14  the GUC Claims Trust.
15  THE COURT: Okay, and, Mr. Williams, please
16  make your appearance. You just have to unmute, and then
17  say your name.
18  So, unmute first. Oh, no, no.
19  Okay. Go ahead.
20  MR. WILLIAMS: Good morning, Judge.
21  Sherman Williams.
22  THE COURT: Good morning, Mr. Williams.
23  All right. So, we have the objection to
24  claim, and I've reviewed the objection to claim. I have
25  reviewed, Mr. Williams, your letter outlining your request

1  for additional time, and then, Mr. Rich, I have reviewed
2  your response to Mr. Williams' request.
3          So, what I'm going to ask you to do,
4  Mr. Rich, is, for the benefit of Mr. Williams, since he is
5  unrepresented, is just to review where we are, and your
6  position, and then, Mr. Williams, I'll hear from you,
7  okay?
8          MR. RICH:  Thank you, Judge.  If it's okay,
9  Ms. Mackle will be handling the presentation.
10          THE COURT:  Okay, even better.
11          All right.  So, Ms. Mackle.
12          MS. MACKLE:  Thank you, your Honor.
13          Your Honor, before you is the objection of
14 the General Unsecured Creditors Claim Trust to the general
15 unsecured claim filed by Mr. Williams.
16          The claim at issue is Claim Number 6-1,
17 filed in the amount of a million dollars by Mr. Williams
18 for the debtor's alleged violation of the Florida Civil
19 Rights Act of 1992.
20          As discussed in detail in our objection, the
21 exclusive remedy for violations of Florida's unlawful
22 discrimination laws in the area of public accommodations
23 is set forth in Section 760.11 of Florida statutes, and
24 that section mandates a specific procedure for a complaint
25 of this nature.  It mandates that, first, the complaint is

1   filed with the Florida Commission on Human Rights, and
2   that procedure was followed by Mr. Williams, and it
3   resulted in a finding of no reasonable cause, and that
4   finding, Mr. Williams was served a copy, and it's also
5   attached as an exhibit to the objection.
6           Unless a claimant requests an administrative
7   hearing within 35 days of the finding of no reasonable
8   cause, Section 760.11 of the Florida statute bars the
9   claim from being prosecuted, and it dismisses the claim.
10          The only way that the claim would be able to
11  continue is if the claimant had requested an
12  administrative hearing within those 35 days, and
13  subsequently the administrative process overturned the
14  finding of no reasonable cause.
15          Mr. Williams did not timely file the
16  required petition for relief, which was provided to him,
17  along with the notice of no determination -- the notice of
18  determination of no reasonable cause and, accordingly, the
19  claim is barred on this basis.
20          There are also some additional reasons
21  beyond this sort of purely legal basis, which the GUC
22  Claims Trust does not believe that a claim can be
23  maintained, but since our primary argument is just that
24  one simple legal argument, unless the Court or
25  Mr. Williams has any further questions, I would just ask

1   that the claim be disallowed in its entirety.
2               THE COURT: Okay. I have no questions for
3   you.
4               So, Mr. Williams, the argument of the Claims
5   Trust is that you followed the procedure under Florida law
6   to file a claim, there was a finding that you weren't
7   entitled to a claim, and then you did not ask -- or timely
8   ask for a review of that decision by the State of
9   Florida's administrative agency.
10              So, if you could explain to me what
11  additional time would -- how that would change where we
12  are today, and remember to unmute.
13              MR. WILLIAMS: Okay. Your Honor, during the
14  time period of all the matters that was happening, was
15  COVID. So when I talked to Ms. Richardson, or Ms. Rich,
16  she explained to me that she never investigated the case
17  in its entirety, and I talked to other people that worked
18  -- Emily Davis, and other people that worked at the
19  Florida Commission of Human Relations, and they told me my
20  case was never investigated at all, and that was after the
21  fact, and I actually did try to do the administration
22  hearing and filed my paperwork for that. I don't know if
23  they received it or not, but I know for sure I did the
24  paperwork and sent it, because I've been in contact with
25  everybody since my claim started. So I just wanted to

1  have some clarification to submit to the Court before they
2  disallow my claim to prove all of this.
3              THE COURT:  Well, the question I have for
4  you, Mr. Williams, is, I understand that you have some
5  concerns that the Florida Administrative Agency did not
6  properly address your claim, but my problem is that I'm a
7  United States Bankruptcy Court.  I am not a Florida state
8  court, and I'm stuck with what the Florida Administrative
9  Agency -- I keep saying Administrative Agency, because I
10 keep forgetting what the name of the agency is.
11 Ms. Mackle, can you tell me what it is again?  I
12 apologize.
13             MS. MACKLE:  The Florida Commission on Human
14 Relations --
15             THE COURT:  Right.
16             MS. MACKLE:  -- FCHR.
17             THE COURT:  Right, Florida Commission on
18 Human Relations.
19             All right.  So, Mr. Williams, my question to
20 you is, it could be that you were not -- your matter was
21 not properly treated at the commission level, but in my
22 position as a bankruptcy judge, I can't go behind a final
23 adjudication of the administrative agency when that
24 decision has not been appealed.
25             So I'm just trying to understand how that

1   would make a difference in this Court.
2            It might mean that -- I mean, I can't give
3   you legal advice and, frankly, I don't even understand
4   very well the Florida Administrative process, whether you
5   would have a claim against the Commission, if you believe
6   that they did not properly review your claim, but I'm -- I
7   don't see any way that I can get around that final ruling.
8            If you have any thoughts, or you would like
9   to make an argument, I invite you to do so.  So, please.
10           MR. WILLIAMS:  That's what I said,
11  your Honor, with all due respect, I just want to get the
12  paperwork and see what Ms. Rosemary was saying, and when I
13  talked to Emily, and the different people that worked
14  there, they're kind of, like, resubmit that paperwork to
15  see what happened, so me and the Court can have some type
16  of clarification, because I contacted them, and I did all
17  the processes that they told me to do.  So I don't
18  understand how they said I didn't have an appeal, because
19  all the paperwork that they sent me, I responded to.
20  That's why I want to know what's going on myself to have
21  some clarification before my claim is dismissed.
22           THE COURT:  Well, okay, so I'm looking at
23  the objection, and -- all right.  Hold on, my computer is
24  misbehaving.
25           Okay.  I'm looking at the objection and,

1  Ms. Mackle, can you save me some time and tell me what
2  page of the document the --
3            MS. MACKLE:  It's Exhibit 4, I believe.
4  It's the last, the very last two pages, if you're
5  looking for the notice of "no reasonable cause
6  determination".
7            THE COURT:  Okay.  All right.  So this
8  document is dated October 14th, 2020.  So, I'm just
9  trying to understand, is it your argument, Mr. Williams,
10 that you submitted something in the beginning or the
11 middle of November of 2020 that objected to this
12 finding?
13           MR. WILLIAMS:  Yes.
14           THE COURT:  And did you attach a copy of
15 that to your submission to me?  If you did, if you could
16 just tell me the page?  I apologize that I don't recall
17 seeing it.
18           MR. WILLIAMS:  Probably because I was
19 waiting to get all the copies back from the Florida
20 Commission, and that's what they was in the process of
21 doing, they were going to send me everything for my
22 case.  That's why I just ask the Court, respectfully,
23 for an extra 30 to 60 days so I can have all the
24 findings and resubmit that, and if it's found that it's
25 not to be accurate, then you all can end the case.

Page 10

1          Because initially Cinemex, they told me
2  they was going to give me a settle of 8,500 at the
3  beginning, but then there was an automatic stay put in
4  place.
5          So the findings were valid that I was
6  discriminated against, because they wouldn't settle if I
7  wasn't.  That was my big argument.  But, like I said, they
8  put an automatic stay, so that -- to stop the settlement
9  from going through for the 8,500.
10         THE COURT:  Okay.  Well, I can't, I can't --
11  I have to disregard anything regarding any potential
12  settlement agreements.
13         Here is what I'm willing to do,
14  Mr. Williams, I'm willing to continue this for 30 days,
15  for you to show me that you timely submitted, and that
16  there was a different final adjudication than Ms. Mackle's
17  understanding, okay?
18         MR. WILLIAMS:  Thank you, your Honor, thank
19  you.
20         THE COURT:  But, Mr. Williams, if you cannot
21  file those documents and show me that you timely, you
22  know, filed the response, and that there was a different
23  outcome, then we're done, because there is nothing that I
24  can do, okay?
25         MR. WILLIAMS:  Again, I don't have to

Page 11

1  worry about that, your Honor.  Like, Cinemex is a
2  racist company, and if I go again, the same thing is going
3  to happen.  So at least it taught me at this point in
4  time, when this happens again, I know exactly what to
5  do because, like I said, Cinemex, I always had issues
6  with this company, I just never really spoke about it.
7              So what just happened with me back then will
8  happened again because I'm black.  So I have no problem
9  with this problem probably happening again to me, like I
10 said.  I guess they don't want black people coming in
11 their facility that pay for their tickets, and pay for
12 their food, and that's the really (inaudible) black
13 person, and they don't want me in there.  So this problem
14 will happen again to me.
15              So, the good thing is, even if you do
16 dismiss my case, it will happen again, and I know all the
17 recourses to do to file the proper claim the next time
18 when it happens, because it will happen.
19              THE COURT:  Well, I hope not, I hope that it
20 does not.
21              MR. WILLIAMS:  But it will, your Honor, it
22 will.  It will, trust me.
23              THE COURT:  Okay.  I'm going to continue
24 this for 30 days, Ms. Mackle.  Mr. Williams, you have
25 30 days to get those documents and upload them on the

1  docket, and I will take a look at them, and if I -- I will
2  do one of two things, I will either set a further hearing,
3  or I will enter an order if the documents show that the
4  matter has been finally adjudicated by the Florida
5  Commission.
6         And then, as I said, Mr. Williams, if you
7  believe that the Florida Commission mishandled your claim,
8  then there's not any relief that I can give you, but if
9  there -- if you are entitled to relief, as I said, this is
10 an area of the law about which I know nothing, and I can't
11 give you legal advice anyway, then you'll have to pursue
12 that.
13         Ms. Mackle, any questions?
14         MS. MACKLE:  No, your Honor.
15         THE COURT:  Okay.
16         MS. MACKLE:  I would only note that 30 days
17 from today, I believe, is the day after Thanksgiving.  I
18 don't know if you want to adjust it slightly.
19         THE COURT:  Well, let's pick a date certain.
20 Let's say -- hold on just a minute.
21         MS. MACKLE:  The 28th would be just a few
22 days after that.
23         THE COURT:  Hold on.
24         All right.  Let's say, Mr. Williams, that
25 you need to file something on the docket no later than

1    December 2nd, okay?
2                    (No verbal response.)
3                    THE COURT:  All right, Mr. Williams?
4                    (No verbal response.)
5                    THE COURT:  You're on mute again.  Sorry,
6    we can't hear you.  Stop walking, you're getting me
7    dizzy.
8                    MR. WILLIAMS:  Sorry, your Honor.  Thank
9    you.  I appreciate that.
10                   THE COURT:  All right.  I'll prepare an
11   order that gives Mr. Williams until December 2nd to upload
12   any documents that demonstrate that he did timely contest
13   the final finding of the Commission, and in the absence of
14   that filing, or after review of those documents, the Court
15   will enter a ruling, or set the matter for further
16   hearing, okay?
17                   MR. WILLIAMS:  Thank you.
18                   THE COURT:  All right.  So I'll prepare that
19   order.
20                   Any questions, Mr. Rich?
21                   MR. RICH:  No, Judge.  Thank you.
22                   THE COURT:  All right.  Mr. Williams, any
23   questions?
24                   MR. WILLIAMS:  No, your Honor.
25                   THE COURT:  Okay.  All right.  Thank you all

1   very much.
2                    All right, and the Court will prepare that
3   order.  All right.  December 2nd.
4
5
6
7                    (Thereupon, the hearing was concluded.)
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1
2
3                    CERTIFICATION
4
5  STATE OF FLORIDA      :
6  COUNTY OF MIAMI-DADE   :
7
8            I, Cheryl L. Jenkins, RPR, RMR, Shorthand
9  Reporter and Notary Public in and for the State of Florida
10 at Large, do hereby certify that the foregoing proceedings
11 were transcribed by me from a digital recording held on
12 the date and from the place as stated in the caption
13 hereto on Page 1 to the best of my ability.
14            WITNESS my hand this 9th day of
15 January, 2023.
16
17
18         _____
19           CHERYL L. JENKINS, RPR, RMR
20        Court Reporter and Notary Public
        in and for the State of Florida at Large
21              Commission #HH 170910
                 December 27, 2025
22
23
24
25